IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN BRITTON, LORINDA BRITTON, et al, ) | |
| ) | |
| Plaintiffs, ) | Case No. CV07-547-S-EJL |
| ) | |
| vs. ) | ORDER ADOPTING REPORT |
| ) | AND RECOMMENDATION |
| DALLAS AIRMOTIVE INC., et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On October 30, 2009, United States Magistrate Judge Larry M. Boyle issued a Report and Recommendation, recommending that Plaintiffs' motion to amend the complaint be denied, Defendant's motion for partial summary judgment be denied, and Defendant's motion for summary judgment be granted in part and denied in part. Any party may challenge a Magistrate Judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the magistrate's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. Id.; see also Fed. R. Civ. P. 72(b).

Defendant filed objections challenging the Report and Recommendation's conclusions: 1) denying the motion for summary judgment as to the amount of damages available to Plaintiffs Silverhawk Aviation and David Currie and 2) denying summary judgment at to counts one and four of the complaint. (Dkt. No. 288). Plaintiffs have responded to the objections. Plaintiffs have not filed objections to the Report and Recommendation. The Court has considered the parties contentions and conducted a de novo review of the record and finds as follows.

**Factual and Procedural Background**

As noted by the Magistrate Judge, the factual and procedural history of this case have been set out in detail in prior orders obviating the need for an extensive recitation of such here. Simply, this is a products liability action arising out of a helicopter crash. Plaintiffs David Currie and Silverhawk Aviation LLC ("Silverhawk") are in the business of aerial fire fighting in the course of which it used helicopters. On August 13, 2003, an Aerospatiale AS350D helicopter was being operated near Webb, Idaho by Plaintiff John Britton when it suffered an engine failure and crashed. The helicopter was damaged beyond repair and Mr. Britton suffered physical injuries and related damages in the crash. The helicopter's engine was originally manufactured by Defendant Rolls-Royce Corporation and later overhauled by Defendant Dallas Airmotive, Inc. ("DAI") prior to being used in the helicopter in question. The Plaintiffs allege the crash was caused by DAI's negligence and improper overhaul of the engine.[1]

**Discussion**

I.   <u>Damages Available Under Idaho Law</u>

DAI's first motion for partial summary judgment (Dkt. No. 153) sought a judgment as a matter of law "on damages of plaintiffs David Currie and Silverhawk Aviation LLC." (Dkt. No. 153, p. 1). The complaint seeks damages for the value of the aircraft as well as lost profits allegedly incurred as a result of the destruction of the aircraft. Defendants maintain that Idaho law does not permit recovery of any damages other than the value of a vehicle when it is totally destroyed; therefore any lost profits are not recoverable. (Dkt. No. 153, p. 2). DAI relies on <u>McGuire v. Post Falls Lumber and Manufacturing Co.</u>, 23 Idaho 608, 614 (1913). Plaintiffs oppose the motion and objection to the report and recommendation arguing where no privity exists between the injured party and the prior seller, economic loss is recoverable in tort where there exists: 1) a special relationship, 2) a unique circumstance, or 3) loss considered to be parasitic to an injury. (Dkt. Nos. 145, 289). Plaintiffs rely on <u>Duffin v. Idaho Crop Improvement Assoc.</u>, 895 P.2d 1195 (Idaho 1995).

---

[1] It appears the Plaintiffs' claims against the other originally named Defendants have been resolved and the Court need not mention them here.

ORDER - Page 2
10ORDERS\britton_rnr

The Magistrate Judge disagreed with both parties rejecting the Duffin exceptions to the economic loss rule and concluding that the rule in McGuire was limited to the value of property damage recoverable in tort. (Dkt. No. 258, p. 17). Instead, the Magistrate Judge concluded that where a tort claimant has suffered either personal injury or property damage, Idaho courts have generally allowed recovery for economic losses which may include lost wages or profits. (Dkt. No. 258, p. 17-18). Having reviewed the briefing on this question, this Court agrees with the Magistrate Judge, although on a somewhat different basis, that economic loss in the form of loss of profits are recoverable in this case.

In Duffin the Idaho Supreme Court recognized that "economic loss is recoverable in tort as a loss parasitic to an injury to person or property" and that "economic loss" is defined as "including 'costs of repair and replacement of defective property which is the subject of the transaction, as well as commercial loss for inadequate value and consequent loss of profits or use.'" Duffin, 895 P.2d at 1200 (citations omitted). Here, the alleged lost profits to Silverhawk and Mr. Currie include the alleged loss of profits caused by the total loss of the helicopter for use in their aerial fire fighting business. Because the lost profits are parasitic to the property damages from the helicopter, such economic losses are potentially recoverable under Idaho law. As such, DAI's motion for summary judgment (Dkt. No. 153) is denied.

II.     Motion for Summary Judgement as to Count One

DAI objects to the Magistrate Judge's recommendation that Count One not be dismissed. Count One raises a strict liability claim. DAI argues because it never sold a product but, instead, only provided a service, that it cannot be held strictly liable. (Dkt. No. 288, p. 4). Plaintiffs counter that DAI "remanufactured" the turbine engine such that it was materially altered and, therefore, DAI is a manufacturer and strict liability applied under Idaho Code § 6-1402. (Dkt. No. 289, p. 6-7). The Magistrate Judge concluded that whether the product was substantially rebuilt or reconditioned is a matter for the trier of fact to resolve. (Dkt. No. 258, p. 23).

> The law in Idaho regarding strict liability is found in Idaho Code § 6-1402.[2]
>
> (1) "Product seller" means any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption. The term includes a manufacturer, wholesaler, distributor, or retailer of the relevant product. The term also includes a party who is in the business of leasing or bailing such products. The term "product seller" does not include:
>
> (a) A provider of professional services who utilizes or sells products within the legally authorized scope of its professional practice. A nonprofessional provider of services is not included unless the sale or use of a product is the principal part of the transaction, and the essence of the relationship between the seller and purchaser is not the furnishing of judgment, skill, or services;
>
> (2) "Manufacturer" includes a product seller who designs, produces, makes, fabricates, constructs, or remanufactures the relevant product or component part of a product before its sale to a user or consumer. It includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer. A product seller acting primarily as a wholesaler, distributor, or retailer of a product may be a "manufacturer" but only to the extent that it designs, produces, makes, fabricates, constructs, or remanufactures the product before its sale.

The Idaho Supreme Court has recognized that "dealers of used goods are not in the same position and should not be treated the same as sellers of new products, i.e., manufacturers, distributors and retailers." Peterson v. Idaho First Nat. Bank, 791 P.2d 1303, 1308 (Idaho 1990). The Court went on to hold that strict liability does not apply to commercial sellers of used products who sell used products in essentially the same condition as when it was acquired for resale. Id. Here, Plaintiffs argue DAI's remanufacturing of the turbine engine so materially altered the structure of the engine that it was not reselling a used product but, instead, selling a product that he had remanufactured. DAI maintains it was not a seller of anything but only provided services on the engine and that removing 0.0015 inches of metal from the face of a single part out of thousands of parts in the engine does not constitute a remanufacturing or materially altering of the structure of the engine.

Having reviewed the parties arguments and the record herein, the Court agrees with the Magistrate Judge that the determination of whether DAI is subject to strict liability as a product seller who remanufactured a product before it was sold to the user or consumer is dependent upon disputed facts. Such facts include, but are not limited to, whether: DAI held itself out as a manufacturer and/or a product seller, DAI remanufactured or serviced other parts of the machine, the extent of the remanufacturing or servicing done to the engine, and how the engine ultimately

---

[2] The Idaho Code was "correctively renumbered" in 2005 with the sections in chapter 13 now appearing as chapter 14. (Corrections in Statutes, 2005 Idaho Laws Ch. 25 (H.B. 22)).

arrived in the hands of the final user. In particular, it will be necessary to resolve the extent to which DAI altered the engine before it was sold to the Plaintiffs. As such, summary judgment is not proper at this time.

III.     Motion for Summary Judgment as to Count Four

Count Four of the Plaintiffs' complaint raises a cause of action for DAI's alleged failure to warn. Plaintiffs argue DAI knew it had exceeded the metal removal limits specified in the overhaul manual and, therefore, knew the engine was unairworthy but failed to warn of such and, instead, certified that its overhaul complied with the manual. (Dkt. No. 289, pp. 8-9). DAI counters that it did not know of any need or duty to warn and was not aware that it had deviated from the manual. (Dkt. No. 288, pp. 5-6). The Magistrate Judge concluded that a duty to warn may exist if the jury agrees with the facts as alleged by the Plaintiffs. (Dkt. No. 258, p. 25).

A manufacturer has a duty to "exercise reasonable care to warn [customers] of ... facts which make [its] product likely to be dangerous" if the manufacturer "knows or has reason to know that the product is likely to be unsafe when used for the purpose for which it is supplied." Robinson v. Williamson Idaho Equip. Co., 498 P.2d 1292, 1298 (Idaho 1973); see also Restatement (Second) of Torts § 388 (providing that a supplier of a product who "knows or has reason to know that the [product] is or is likely to be dangerous for the use for which it is supplied," "has no reason to believe that those for whose use the [product] is supplied will realize its dangerous condition," and "fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous," will be subject to liability). The duty to warn "extends to risks of danger which arise during the known or foreseeable use of the product." Robinson, 498 P.2d at 1299-1300; see also Puckett v. Oakfabco, Inc., 979 P.2d 1174, 1181 (Idaho 1999) (explaining that a product is defective if "the defendant has reason to anticipate that danger may result from a particular use of his product and fails to give adequate warnings of such danger") (citation and internal quotation mark omitted). "Failure to warn can be a basis for recovery in a products liability action, whether alleged under a theory of strict liability in tort or negligence." Puckett, 979 P.2d at 1181 (citations omitted). "A product is defective if the defendant has reason to anticipate that danger may result from a particular use of his product and fails to give adequate warnings of such danger." Id. (citations and quotations omitted). "The purpose of imposing upon a manufacturer the duty to

warn is to reduce the risk of injury associated with a product." Id. (discussing a negligent design products liability case and the doctrine of open and obvious dangers and the duty to warn).

Here, it is disputed whether DAI knew of the alleged danger and any duty to warn. Though Plaintiffs argue DAI "admitted" to removing too much metal in violation of the manual, DAI asserts it "was not aware of that deviation from the manual." (Dkt. Nos. 288, p. 6, 289, p. 8). DAI maintains that no evidence exists that it knew of the error. Plaintiffs counter that DAI certified that its overhaul complied with the manual. Thus, genuine issues of material fact exist on this claim that preclude summary judgment. As such, the Court will adopt the Magistrate Judge's report and recommendation and deny the motion.

## ORDER

Having conducted a *de novo* review of the Report and Recommendation, this Court finds that Magistrate Judge Boyle's Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Boyle, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on October 30, 2009, (Docket No. 258), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**THEREFORE, IT IS HEREBY ORDERED** as follows:

1) Plaintiffs' Motion to Amend (Docket No. 135) is **DENIED**.

2) Defendant's Motion for Partial Summary Judgment (Docket No. 153) is **DENIED**.

3) Defendant's Motion for Summary Judgment (Dkt. No. 154) is **GRANTED IN PART AND DENIED IN PART**. The Motion is Granted as to Counts Two and Six of the Plaintiffs' complaint and these Counts are dismissed. The Motion is Denied as to Counts One and Four of the Plaintiffs' complaint.

**IT IS FURTHER ORDERED**, that the parties shall confer regarding proposed trial dates in this matter and jointly submit such dates to the Court or to otherwise inform the Court as to how they intend to proceed in this mater on or before April 30, 2010.

DATED: **March 4, 2010**

Honorable Edward J. Lodge
U. S. District Judge