UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN BRITTON, LORINDA BRITTON, SILVERHAWK AVIATION LLC, and DAVID CURRIE,<br><br>Plaintiffs,<br><br>v.<br><br>DALLAS AIRMOTIVE, INC. and ROLLS-ROYCE CORPORATION,<br><br>Defendants. | Case No. 1:07-cv-00547-EJL-LMB<br><br>**ORDER, REPORT & RECOMMENDATION** |

This matter comes before the Court on Defendant Dallas Airmotive Inc's (DAI) *Motion to Strike Late Disclosure* (Docket No. 314) and Plaintiffs' *Motion for Discovery* (Docket No. 315). The background of this case has been thoroughly discussed in previous orders, *see Order* (Docket No. 123), and will not be restated here. Additionally, in the interest of avoiding further delay and because the Court conclusively finds that the decisional process would not be significantly aided by further oral argument, the Court will address and resolve this motion without conducting a hearing. Therefore, having carefully reviewed the record, and being otherwise fully advised, the Court enters the following Order.

## Motion to Strike

Citing Federal Rules of Civil Procedure 34, 37, Local Rule 16.3 and the *Scheduling Order* (Docket No. 313), DAI moves to exclude "approximately 3000

documents ... served by plaintiffs as a "supplemental discovery response" in late December 2010 and January 2011, five months after the amended discovery deadline "and for an adverse presumption as to the testimony of new witnesses whom were [late disclosures]." *Motion to Strike*, 3-4 (Docket No. 314).[1] DAI argues that admission of the late disclosures would be unfair and highly prejudicial. Though not expressly argued, DAI insinuates that Plaintiffs late disclosure was made in bad faith. *See id.*, 2 ("Either she committed perjury, or plaintiffs obtained the documents elsewhere.").

Plaintiffs respond that the documents were a late discovery by Plaintiffs, which were disclosed to DAI in accordance with Federal Rule of Civil Procedure 26(e)(1)(A), which states, "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Plaintiffs claim that the disclosures, which they argue is closer to 1,100 pages, only recently became available to them, and do "not contain any new information material to any issue of liability or damages in the case." *Plaintiffs' Response*, 2, 5–6 (Docket No. 340).

According to Plaintiffs, the documents were not disclosed earlier because Plaintiff David Currie's ex-wife, Catherine Currie, was unknowingly in possession of the

---

[1] The documents at issue are Quickbooks accounting records and other financial documents from Silverhawk's accountant, Chase Consulting Group, and an extraordinarily large list of employee names. *Plaintiffs' Response*, 1–2 (Docket No. 340).

ORDER AND REPORT & RECOMMENDATION -2-

computer containing the electronic documents and a copy received from Plaintiffs' accountant was not retrievable because it was password protected. *Id.* at 3–4. David Currie was eventually able to guess the proper password, thereupon Plaintiffs contacted DAI to set up a plan for production. *Id.* at 4–6. Without the cooperation of opposing counsel, in accordance with Rule 26, Plaintiffs produced the documents. *Id.*

Rule 26 requires a party, without awaiting a discovery request, to "provide to the other parties . . . the name . . . of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). As previously noted, that obligation is a continuing one. See Fed. R. Civ. P. 26(e)(1)(A).

Failure to comply with disclosure obligations may result in severe consequences. Fed. R. Civ. P. 37. Rule 37 establishes an enforcement mechanism to encourage compliance with Rule 26:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

*Id.* This court has wide latitude in using its discretion to issue sanctions under Fed. R. Civ. P. 37(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)."). Here, the burden is on the disclosing party to show that the delay was substantially justified or harmless. *Id.* at 1106-07 ("Implicit in Rule

37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.").

In exercising its discretion, the court should consider the following factors: "(1) the party's explanation for the failure to comply with the disclosure requirement, (2) the importance of the excluded evidence or testimony, (3) the prejudice suffered by the opposing party as a result of having to meet new evidence and (4) the possibility of a continuance." *Allstate Ins. Co. v. Nassiri*, 2010 WL 5248111, *5 (D. Nev. 2010) (*citing Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997); *see also AZ Holding, L.L.C. v. Frederick*, 2009 WL 2432745, *5 (D. Ariz. 2009); *Galentine v. Holland America Line-Westours, Inc.*, 333 F.Supp.2d 991, 995 (W.D. Wash. 2004); *F.D.S. Marine, LLC v. Brix Maritime Co.*, 211 F.R.D. 396, (D. Or. 2001); *and Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 642 (D. Haw. 2008).

Here, despite the fact that this action has been ongoing since August 2003, DAI, at various times, was assured that the documents now sought to be disclosed did not exist. Further, beyond financial information the contested documents also contained the names of former employees and independent contractors of Silverhawk, all of whom are potential witnesses to this case. The type and scope of testimony that Plaintiffs is now seeking to provide at trial was never disclosed, nor could it be inferred from deposition references. In fact, here, based on the assurance of Plaintiffs, the opposite is true.

The Court accepts Plaintiffs' representation that Catherine Currie unknowingly had the information. However, Plaintiffs acknowledge that the information did not come from Catherine Currie, but rather from Chase Consulting, Silverhawk's accountant. It is

**ORDER AND REPORT & RECOMMENDATION -4-**

unclear from the record when Plaintiffs obtained the information from Chase Consulting, but Plaintiffs assert that it was after Catherine Currie's depostion, on April 21, 2009, two and a half month before the close of discovery. This delay in production is unjustified and the Court concludes that Plaintiffs failed to timely disclose this information.

The parties have had the benefit of liberal discovery, including an extended deadline and extensive motion practice. Countless documents have been exchanged and many depositions have been taken. Prudence and fairness warrant formal disclosure and supplementation in most instances. Further, parties should frequently check and re-check their discovery disclosures and responses to ensure accuracy and fairness well in advance of trial.

The disclosures in question could have been identified and provided much earlier. Plaintiffs stated as much when they identified the need for more information after deposing Catherine Currie months prior to the amended discovery cutoff. Plaintiffs have not provided an explanation for the delay between identifying that Chase Consulting Group may have information, in April 2009, to the disclosure in December 2010. The late disclosure prejudices DAI. At the very least, DAI has been distracted with this motion practice and has had to spend time to deal with potentially new witness and new documents when they could be preparing for trial.

The prejudice to DAI is not readily curable. While a small amount of documents, or disclosure of one additional witness at this time, two weeks from trial, may be acceptable, that is not situation presented here. Even by Plaintiffs' own estimation, they

submitted over a thousand pages of financial documents and a substantial list of potential witnesses. This unfairly prejudices DAI and its *Motion to Exclude Late Disclosure* will be granted. This determination is aided by Plaintiffs' assurances that the disclosures are not necessary. *See Plaintiffs' Response*, 2 (Docket No. 340).

## Motion for Discovery

With regard to Plaintiffs' unopposed Motion for Discovery, District of Idaho Local Civil Rule 7.1 provides that a party opposing a motion shall file a memorandum in opposition to the relief requested within twenty-one (21) days after being served with the memorandum in support of the motion. Dist. Idaho Loc. Civ. R. 7.1(c)(1). To the extent that the non-moving party does not object to the relief requested in the motion, the party is required to file a notice of non-opposition to the court. Dist. Idaho Loc. Civ. R. 7.1(a)(5). The failure to file either a notice of non-opposition or a memorandum in opposition to a motion may be deemed as a consent to the relief requested. Dist. Idaho Loc. Civ. R. 7.1(f). The allotted time provided in District of Idaho Local Civil Rule 7.1(c)(1) had elapsed without DAI filing a response to Plaintiffs' Motion.

Pursuant to District of Idaho Local Civil Rule 7.1(f), the Court deems DAI's failure to file a notice of non-opposition, or a memorandum in opposition to Plaintiffs' Motion, as constituting their consent to the relief requested as contemplated by the Local Rules. Accordingly, the court grants Plaintiffs' *Motion for Discovery*. (Docket No. 315). Plaintiffs shall have until February 18, 2011, in which to complete discovery into the settlement between DAI and Plaintiffs' insurer XL Speciality Insurance Company.

ORDER AND REPORT & RECOMMENDATION -6-

## Order

Accordingly, it is hereby ordered,

1. Defendant Dallas Airmotive Inc's *Motion to Strike Late Disclosure* (Docket No. 314) is GRANTED;

2. Plaintiffs' *Motion for Discovery* (Docket No. 315) is GRANTED;

    A. Plaintiffs shall have until February 18, 2011, in which to complete discovery into the settlement between DAI and Plaintiffs' insurer XL Speciality Insurance Company

## Recommendation

Further, it is RECOMMENDED that Judge Lodge preclude Plaintiff from relying on or introducing any documents, testimony, or expert witness testimony which relies on documents or electronically-stored information that was produced by Plaintiffs in December 2010.

DATED: **February 10, 2011**.

Honorable Larry M. Boyle
United States Magistrate Judge